The Kasen Law Firm, PLLC
Attorneys for Defendants,
ARIA LUCKY STAR 888 INC. d/b/a Aria Asian Fusion Sushi and LIFA LIN
By: Aleksander Milch, Esq.
AM6555
136-20 38th Avenue, Suite 3C
Flushing, New York 11354
Tel. 718-337-8012
Fax 718-709-8850
Email: aleks@kasenlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YU ZHANG, on his own behalf and on behalf of others
similarly situated,
                    Plaintiff,

    v.                                                                  18 CV 12330 (VB)

ARIA ASIAN CORP., d/b/a Aria Fusion Sushi;
ARIA LUCKY STAR 888 INC. d/b/a Aria Asian
Fusion Sushi; HUANG LIN; LIFA LIN;
"JOHN" CHEN; and "JANE" CHEN,
                    Defendants.
------------------------------------------------------------------X

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT</u>**

To:    Troy Law, PLLC
         Counsel for the Plaintiff, Yu Zhang
         41-25 Kissena Blvd., Suite 119
         Flushing, New York 11355
         Tel. 718-762-1324

## TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**CASES**

*Barnhill v. Fred Stark Estate and Rita Stark*, 2015 W.L. 9687077 (E.D.N.Y., Sept. 18, 2015) ………………………………………………………………………… 5

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) ………….. 4-8

*Hallock v. State of New York*, 64 N.Y.2d 224, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984) ………………………………………………………………………… 1

*Picerni v. Bilingual SEIT & Preschool Inc.*, 925 F. Supp.2d 368 (E.D.N.Y. 2013) ……………………………………………………………………………… 5,8

*Scharf v. Levittown Public Schools*, 970 F. Supp. 122, 123 (S.D.N.Y. 1997) …… 1

*Souza v. 65 St. Marks Bistro d/b/a Jules Bistro*, 2015 W.L. 7271747 (S.D.N.Y., Nov. 6, 2015) ………………………………………………………………………… 1

*Zhang v. Aria Asian Corp.* 7:18-cv-12330 (S.D.N.Y.) …………………………… 4, 6-8

*Zhang v. Hito Restaurant, Inc.*, 1:2018cv12331 (S.D.N.Y.) …………………… 6

*Zhang v. Sabrina U.S.A. Inc.*, 1:2018cv12332 (S.D.N.Y.) ……………………… 6

*Zhang v. WM Restaurant Corp.*, 1:2018cv1233 (S.D.N.Y.) …………………... 6

**STATUTES**

28 U.S.C. § 1292(b)………………………………………………………………. 5

29 U.S.C. § 201 *et seq*……………………………………………………………. 2

New York Labor Law §§ 160, 195, 652 *et al*……………………………………. 2

**RULE**

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) ………………………………… 5

## PRELIMINARY STATEMENT

In the context of the virulently litigious country the United States has become, settlement of lawsuits is viewed with favor. Settlement agreements allow litigants, who are most familiar with the contours of their disputes, to craft mutually beneficial resolutions and save the expenses of prolonged litigation, meanwhile preserving judicial resources for the most ingrained, thorny of legal matters requiring unique erudition. The judiciary has recognized and endorsed this proposition, albeit with some caveats. *See Scharf v. Levittown Public Schools*, 970 F. Supp. 122, 123 (S.D.N.Y. 1997) *citing Hallock v. State of New York*, 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510, 512, 474 N.E.2d 1178 (1984) ("Stipulations of settlement are favored by the courts and are not lightly cast aside. . . .) At the same time, concerns arise as to the equality of bargaining power and sophistication of the litigants who are not represented by counsel as well as the potential enforcement and liquidation measures in case of breach of a settlement agreement.

Simply put, a settlement agreement which is equitable and finalized in conformity with the governing rules of the presiding tribunal benefits all involved.

The parties herein are almost there. The efforts they have made toward final resolution are salutary against the backdrop of the severe proliferation of similar wage-and-hour disputes in recent years. *See Souza v. 65 St. Marks Bistro d/b/a Jules Bistro*, 2015 W.L. 7271747 (S.D.N.Y., Nov. 6, 2015)

Defendants, Aria Lucky Star 888 Inc. and Lifa Lin, and Plaintiff, Yu Zhang, need the approval of this Court to finalize the fair and reasonable settlement agreement which they made on their own to dispose of the issues raised in this case with finality. An analysis of the procedural timeline herein will show that the defendants have attempted to act in good faith, without the

benefit of counsel and in the face of looming business expenses whereas the conduct of the plaintiff and his attorneys has been, at the least, much less forthcoming and direct.

This is a case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") §§ 160, 195, 652 *et al.* pertaining to alleged unpaid wages, in which the parties, on their own, have reached the correct conclusion to their dispute—namely payment by the defendants to the plaintiff in the amount of $8,500.00 in resolution of his claims against them. The defendant, Aria Lucky Star 888 Inc., has remitted this amount by check to the plaintiff, and plaintiff, while being fully represented by counsel, accepted and cashed the check. Upon information and belief, to this date, plaintiff retains the funds.

## BACKGROUND

The instant motion is made in conformity with the Order of this Court dated September 11, 2019, directing the defendants to move this Court for approval of the settlement agreement made and executed between the parties, without the assistance of counsel and without the approval of either this Court or the Department of Labor, which has directed final settlement in the amount this case in the amount of $8,5000.00 to be paid to the plaintiff. The defendant, Lifa Lin's affidavit as to the making and circumstances of the settlement agreement is attached hereto as Exhibit A. A copy of the settlement agreement—written in the Mandarin dialect of Chinese—with a translation and certificate of translation is attached to this motion as Exhibit B. Plaintiff was represented by counsel when he signed the settlement agreement. Defendants were *not* yet represented by the undersigned or by *any* attorney. See Exh. A ¶ 13. The settlement agreement (Exh. B), although prepared in handwritten form by lay individuals, appears to contemplate final resolution of the case and withdrawal:

2

> After the Plaintiff Zhang Yu received $8,500 from the Defendant Li Fa Lin, *there are no dispute* [sic] *between them*, the Plaintiff release [sic] the right to bring suits against the defendant.
>
> (. . . .)
>
> The Plaintiff Zhang Yu *must withdraw the suit* against the Defendant Li Fa Lin's company after receiving $8,500 from Defendant Li Fa Lin's company.

Exh. B. [Emphasis Added.] A copy of the check and a redacted bank statement showing plaintiff's negotiation of the check are attached as Exhibit C.

Meanwhile, plaintiff's *counsel* sought the entry of a default against Aria Lucky Star 888 and Lifa Lin in the beginning of September. This prompted Aria Lucky Star 888 and Lifa Lin to retain The Kasen Law Firm, PLLC as counsel on September 5, 2019. *See* Exh. A. ¶ 3. The undersigned notified plaintiff's counsel of the foregoing sequence of events by telephone on September 8, 2019 (Sunday) and then through email correspondence. *See* Affirmation of Aleksander Milch ¶ 14.

Disclosure to this Court of the settlement agreement and plaintiff's negotiation of the check for $8,500.00 provoked the status conference held on September 11, 2019. Upon information and belief, plaintiff remains in possession of the sum of $8,500.00. *See* Exh. A. ¶ 15. Through this motion, defendants now seek this Court's approval of the sum of $8,500.00 as resolution of the matters raised in this case.

Defendants, Aria Lucky Star 888 and Lifa Lin, by the undersigned counsel, submit that the settlement amount in the amount of $8,500.00 is fair and reasonable and worthy of final approval by this Court. First, plaintiff's counsel conceded during the conference of September 11, 2019 that plaintiff's actual unpaid wages amounted to $6,100.00. Therefore, the settlement amount of $8,500.00 exceeds the value of plaintiff's claim. Second, no other current or former employees have yet been made a part of this lawsuit. Through the order of September 11, 2019, the Court denied the plaintiff's motion for conditional collective certification without prejudice as

3

premature. *See* <u>Order</u>, *Zhang v. Aria Asia Corp. et al.*, S.D.N.Y., 7:18-cv-12330-VB, filed Sept. 11, 2019, Par. 1. *Zhang v. Aria Asian Corp.* 7:18-cv-12330 PACER Docket Entry # 46 (Sept. 11, 2019). Third, defendant, Aria Lucky Star 888 and Lifa Lin, have limited financial resources. *See* <u>Exh. A</u> ¶ 5. Fourth, upon information and belief, plaintiff has not returned the sum of $8,500.00 to the defendants, Aria Lucky Star 888 or Lifa Lin or placed the said amount in an escrow account pending the resolution of this lawsuit. *See* Exh. A. ¶ 15. Fifth, plaintiff, by taking actions without the knowledge of his counsel, has acted in bad faith and caused the protraction and delay of these proceedings and further expense to the defendants, Aria Lucky Star 888 and Lifa Lin. Sixth, upon information and belief, plaintiff's counsel, by not monitoring the actions of their client in this matter, have also potentially acted in bad faith vis-à-vis the defendants as well as this Court perhaps in the hope of aggrandizing the settlement amount.

## ARGUMENT

As indicated in Par. 3 of this Court's Order dated September 11, 2019, the instant motion is made in deference to and in compliance with the decision rendered by the U.S. Court of Appeals for the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), namely:

> By September 25, 2019, defendants shall move for approval of the settlement agreement, as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Plaintiff may either join or oppose the motion for approval of the settlement agreement. If plaintiff opposes the motion, plaintiff's opposition will be due October 9, 2019. Defendants' reply, if any, if due October 23, 2019.

In *Cheeks*, the plaintiff sued the defendant to recover overtime wages, liquidated damages, and attorney's fees under both the FLSA and NYLL. The parties engaged in preliminary proceedings and then discovery. As in the instant case, the parties privately reached a settlement agreement. However, in *Cheeks*, the parties then filed a proposed joint stipulation and order of

4

dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii). In response, the District Court directed the parties to file a copy of the settlement agreement to enable the Court's review as to whether it was fair and reasonable. The parties refused, enjoined proceedings before the District Court, and sought certification to the U.S. Court of Appeals for the Second Circuit of the question of whether pursuant to 28 U.S.C. § 1292(b), FLSA actions present an exception to Rule 41(a)(1)(A)(ii) which allows the parties to stipulate to the dismissal of an action without court intervention. The U.S. Court of Appeals for the Second Circuit held that stipulations for dismissal *with prejudice* do present an exception to the rule and require the approval of the District Court. The decision was reached in large part based on legislative, regulatory, and policy concerns regarding the inequity which often inheres in the relationship between employers and employees. Nevertheless, the Court noted that it was

> mindful of the concerns articulated in Picerni, particularly the court's observation that the "vast majority of FLSA cases" before it "are simply too small, and the employer's finances too marginal," for proceeding with litigation to make financial sense if the district court rejects the proposed settlement. 925 F.Supp.2d at 377 (noting that FLSA cases tend to "settle for less than $20,000 in combined recovery and attorneys' fees, and usually for far less than that; often the employee will settle for $500 and $2000 dollars in unpaid wages.")

*Cheeks* at 206-207. The U.S. Court of Appeals therefore remanded the case to District Court for further proceedings. District Court decisions following *Cheeks* have noted that the *Cheeks* holding is circumscribed to settlement agreements seeking dismissal *with prejudice* pursuant to Federal Rule of Civil Procedure 41. *See, e.g., Barnhill v. Fred Stark Estate and Rita Stark,* 2015 W.L. 9687077 (E.D.N.Y., Sept. 18, 2015)

The procedural history in the instant case is markedly distinguishable from that in *Cheeks*. The defendants have assiduously tried to resolve the matter and disclose relevant information to this Court, whereas the plaintiff is not the victim which his attorneys purport him to be. The

5

defendants and plaintiff herein are not native speakers of English. Rather, their native language is the Mandarin dialect of Chinese. The settlement agreement is written in Mandarin. *See* Exh. B. At the time the settlement agreement was reached in this case, defendants were no longer represented by an attorney, whereas the plaintiff *was*. In addition, the plaintiff, as noted by this Court, has brought several FLSA actions against other employers before this Court[1] and therefore is a sophisticated litigant. The date of the settlement agreement was August 26, 2019—shortly before the deadline for the defendant Aria Lucky Star 888 Inc. to retain legal representation. The defendants did not retain the undersigned until September 5, 2019. Meanwhile, plaintiff, represented by counsel all the while, neglected to inform the Court of what had transpired. Moreover, plaintiff's counsel sought a certificate of default from the Clerk of this Court, again failing to advise the Court of the defendants' engagement with the plaintiff. The undersigned was retained by the defendants on the evening of September 5, 2019 after the Clerk's Certificate of Default was entered as to defendants, Lifa Lin and Aria Lucky Star 888 Inc. On the morning of September 6, 2019, the undersigned entered his appearance on behalf of Lifa Lin and Aria Lucky Star 888 Inc. On Sunday, September 8, 2019, the undersigned contacted plaintiff's counsel to advise as to the parties' agreement. *See* Affirmation of Aleksander Milch ¶ 14. Plaintiff's counsel then charged forward with a motion for conditional certification pursuant to the FLSA; court-authorized notice to similarly situated individuals; and disclosure of contact information for notice to potential opt-ins. *Zhang v. Aria Asian Corp.* 7:18-cv-12330 PACER Docket Entries # 34-37 (Sept. 9, 2019). On September 9, 2019, the undersigned informed this Court, prompting the conference which was held on September 11, 2019. On September 9, 2019, the undersigned sent

---

[1] *See Zhang v. Hito Restaurant, Inc.*, 1:2018cv12331 (S.D.N.Y.); *Zhang v. Sabrina U.S.A. Inc.*, 1:2018cv12332 (S.D.N.Y.); *Zhang v. WM Restaurant Corp.*, 1:2018cv1233 (S.D.N.Y.).

6

plaintiff's counsel copies of the supporting documents as to the settlement agreement and plaintiff's negotiation of the settlement check. By order dated September 11, 2019, this Court denied without prejudice plaintiff's motion for conditional collective certification; directed that counsel negotiate in good faith to resolve the dispute; set down a schedule for a motion for approval of the existing settlement; scheduled a hearing for the motion for approval of the settlement agreement on November 7, 2019; service of the order generated as a result of the September 11, 2019 conference by counsel on their respective clients; and directing the Clerk of the Court to vacate the Certificate of Default. *Zhang v. Aria Asian Corp.* 7:18-cv-12330 PACER Docket Entry # 46 (Sept. 11, 2019).

In the instant case, plaintiff's counsel has either been unaware of his client's activities with respect to the settlement agreement or has willfully not disclosed them to the Court while seeking relief in the form of a Certificate of Default and then class certification. Plaintiff may not have informed his counsel of the settlement agreement, but apparently allowed his attorneys to pursue a default judgment against the defendants after he had already cashed the check for $8,500.00. Either separately, or in tandem, plaintiff and his attorneys have not been fully communicative with this Court and attempted to gain recovery from the defendants *two times* over (through the settlement agreement and then by default judgment).

Regardless, it appears that this Court, in its beneficence, seeks to reset this matter by urging the parties to negotiate and enable the defendants to now seek this Court's approval of the $8,500.00 settlement amount to serve as the basis for mutual releases of the parties and dismissal of this action with prejudice as mandated by the *Cheeks* decision. The amount of the settlement has by now, at the instance of the undersigned counsel, been fully disclosed to the Court prior to the making of any motion to terminate or close these proceedings.

7

The amount of $8,500.00 is fair and reasonable. During the court conference on September 11, 2019, plaintiff's counsel conceded that the actual unpaid wages to plaintiff were $6,100.00. No other employees are involved in this action. Defendant, Lifa Lin, adumbrated to this Court the financial difficulties which Aria Lucky Star 888 Inc. is facing inasmuch as he wrote in his letter to this Court on August 21, 2019, "I understand and accept this requirement [to engage legal representation]. However, the daily challenge of keeping the business afloat necessitates my seeking an extension of the maximum time aloowable [sic] in order to comply." *Zhang v. Aria Asian Corp.* 7:18-cv-12330 PACER Docket Entry # 26 (Aug. 21, 2019). Meanwhile, plaintiff, a sophisticated litigant in FLSA matters, and his counsel have not engaged with this Court with full transparency at all stages. Defendants, as they battle their own dwindling financial resources, have been the victims of plaintiff's litigation scheme while making a generous settlement payment viewed in in the light of the cautionary language of the *Picerni* case quoted in *Cheeks*. Finally, plaintiff has not returned the money or placed it in escrow pending the result of the settlement negotiations and motion scheduled mandated by this Court. Most of the work has been done—it is not too late to complete the task of approving the settlement amount which the parties reached. Unlike the fact pattern in *Cheeks*, the agreement and amount have now been disclosed to the Court prior to seeking final dismissal of this action. Therefore, it is respectfully urged that the $8,500.00 settlement amount be approved by this Court so that the action may be dismissed with prejudice and the parties released from liability from each other either through a revised agreement to be jointly prepared by counsel for both sides.

(Balance of Page Left Intentionally Blank)

## CONCLUSION

**WHEREFORE**, the defendants, Aria Lucky Star 888 Inc. d/b/a Aria Asian Fusion Sushi and Lifa Lin, seek this Court's review of the matters raised in this lawsuit through approval of the amount of $8,500.00 already remitted by the defendants to the plaintiff, as well as a further order directing counsel for both sides to prepare a revised, joint agreement including memorialization of the final settlement in the amount of $8,500.00 as the predicate for dismissal of this action with prejudice , along with such other and further relief as this Court deems just and proper.

Dated: Flushing, New York
September 25, 2019

The Kasen Law Firm, PLLC

By: Aleksander Milch, Esq.
AM6555
136-20 38th Avenue, Suite 3C
Flushing, New York 11354
Tel. 718-337-8012
Fax 718-709-8850