UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YU ZHANG, on his own behalf and on behalf of :
others similarly situated, :
          Plaintiff, :
           :
v. : **MEMORANDUM OPINION**
           : **AND ORDER**
ARIA ASIAN CORP., d/b/a Aria Fusion Sushi; :
ARIA LUCKY STAR 888 INC., d/b/a Aria : 18 CV 12330 (VB)
Asian Fusion Sushi; HUANG LIN; LIFA LIN; :
"JOHN" CHEN; and "JANE" CHEN, :
          Defendants. :
--------------------------------------------------------------x

      Plaintiff Yu Zhang commenced this Fair Labor Standards Act ("FLSA") case on December 31, 2018, against defendants Aria Asian Corp. d/b/a Aria Fusion Sushi, Aria Lucky Star 888 Inc. d/b/a Aria Asian Fusion Sushi, Huang Lin, Lifa Lin, "John" Chen, and "Jane" Chen. (Doc. #1).

      For the following reasons, the Court dismisses this case with prejudice pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to comply with Court Orders.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      The Court held an initial conference on July 9, 2019, and entered a Civil Case Discovery Plan and Scheduling Order which, among other things, ordered plaintiff to file either a motion for collective action certification or a stipulation of conditional collection action certification by September 9, 2019. (Doc. #17). At that time, all parties who had appeared in the case were represented by counsel.[1]

---

[1] On March 26, 2019, defendants Aria Asian Corp., Aria Lucky Star 888 Inc., and Lifa Lin filed an answer through their attorney Hui Chen and Associates PLLC. (Doc. #12). However, the Court subsequently accepted defense counsel's representation that they did not represent Aria

1

On July 12, 2019, Hui Chen & Associates, PLLC, moved to withdraw as counsel of record for Lifa Lin and Aria Lucky Star 888 Inc. (Doc. #18). The Court deferred ruling on the motion, ordering defendant Lifa Lin to respond to the motion by letter and state whether he consented to the motion. (Doc. #19). The Court also cautioned defendant Aria Lucky Star 888 that although individuals may proceed pro se, corporations, partnerships, and limited liability companies may not appear in federal court without counsel. Thus, the Court warned Aria Lucky Star 888 that if the Court granted the motion to withdraw, and if Aria Lucky Star 888 did not obtain substitute counsel, the Court might enter a default judgment against it.

Defendant Lifa Lin consented to Hui Chen & Associates's motion to withdraw. (Doc. #23). Thus, the Court granted the motion to withdraw. (Doc. #24). The Court again warned Aria Lucky Star 888 that it must engage legal representation, and if it failed to do so by August 28, 2019, the Court would enter a default judgment against it. The Court subsequently denied defendant Lin's request for an extension of time to engage counsel on behalf of Aria Lucky Star 888 and ordered plaintiff to move for a default judgment against defendant Aria Lucky Star 888 by September 6, 2019. (Doc. #27).

On September 4, 2019, plaintiff filed a proposed Clerk's certificate of default, which the Clerk issued the next day. (Docs. ##30, 31). Plaintiff mistakenly filed the proposed certificate of default as to both defendants Lifa Lin and Aria Lucky Star 888—only Aria Lucky Star 888 was in default—and the Clerk then issued it as to both defendants.

---

Asian Corp., and that counsel had mistakenly filed an answer on that defendant's behalf. (Doc. #19). Thus, only defendants Aria Lucky Star 888 and Lifa Lin appeared in this case.

On September 6, 2019, Aleksander B Milch, Esq., of the Kasen Law Firm, PLLC, filed notices of appearance on behalf of defendants Aria Lucky Star 888 and Lifa Lin. (Docs. ##32, 33).

On September 9, 2019, plaintiff moved for conditional collective action certification. (Doc. #34). Later the same day, however, newly retained defense counsel (Mr. Milch) filed a letter stating Aria Lucky Star 888 and Lifa Lin had negotiated a written settlement agreement with plaintiff, that defendants had tendered payment to plaintiff on August 26, 2019, and that plaintiff had accepted and cashed the check "in full settlement and resolution of this matter." (Doc. #39). According to Mr. Milch, he had informed plaintiff's counsel the previous day of the settlement.

The Court ordered counsel to appear for a telephone conference on September 11, 2019. (Doc. #40). Plaintiff's counsel then filed multiple letters arguing the Court should not approve the settlement agreement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Docs. ##41, 44).

The Court held the telephone conference on September 11, 2019, and subsequently denied without prejudice as premature plaintiff's motion for conditional collective action certification, and vacated the Clerk's Certificate of Default. (Doc. #46). The Court further ordered defendants to move for approval of the settlement agreement under Cheeks, and if plaintiff opposed the motion, ordered plaintiff to file an opposition. The Court scheduled a hearing on the motion for November 7, 2019, and ordered plaintiff Yu Zhang and defendant Lifa Lin to attend the hearing in person and be prepared to give testimony under oath.

Defendants moved for approval of the settlement agreement (Docs. ##50, 51), and plaintiff opposed the motion (Doc. #54).

The Court held a hearing on November 7, 2019, which counsel for both parties, as well as plaintiff Yu Zhang and defendant Lifa Lin, attended in person. Because Mr. Zhang opposed the motion for approval of the settlement, the Court ordered him by November 14, 2019, to provide the $8,500 paid to him by Aria Lucky Star 888 and Lifa Lin to plaintiff's attorneys Troy Law, PLLC, for Troy Law to hold in escrow pending the outcome of this case. (Doc. #57). The Court further ordered plaintiff's counsel to file a letter by the same date stating whether Mr. Zhang had complied with the Order. The Court warned plaintiff in bold and underlined font that if he failed to provide Troy Law with the $8,500 to be held in escrow, the Court would dismiss this case for failure to comply with a Court Order. The Court also cautioned plaintiff that if he failed to comply with the Order, he may be subject to civil or criminal liability. In addition, the Court permitted plaintiff to file an affidavit in opposition to the pending motion for approval of the settlement agreement. Finally, the Court scheduled a further hearing for December 10, 2019, on the pending motion for approval of the settlement.

On November 15, 2019, plaintiff filed an affidavit in opposition to the motion for approval of the settlement agreement. (Doc. #58). Among other things, plaintiff stated that Mr. Lin had threatened to "find an assassin" to kill plaintiff if he did not accept the settlement agreement—an elaboration of a claim plaintiff made through counsel at the November 7 hearing. (Doc. #58 ¶ 11). Plaintiff further stated that Mr. Lin had said, "I'm a drug addict, I know a lot of gangsters." (Id.). According to plaintiff, plaintiff then accepted the settlement agreement while being surveilled by two young men whom plaintiff believed to be "assassins" hired to kill him if he did not accept the $8,500. (Id. ¶ 16).

In addition, Mr. Troy submitted a letter on November 15, 2019, stating plaintiff had not provided Troy Law with the $8,500 to be held in escrow. (Doc. #59). According to Mr. Troy,

plaintiff had already spent the funds on, "among other things," his daughter's school in China, rent, food, gasoline, and his phone bill. (Doc. #59). Plaintiff had allegedly attempted to borrow money from friends, but was unable to do so, and could not otherwise raise the money. Nevertheless, Mr. Troy argued plaintiff's conduct did not merit dismissal, stating:

> [B]oth this office and plaintiff would be severely harmed by outright dismissal of this action, as Plaintiff's spending of the settlement amount that he was paid <u>did not</u> include a payment of costs and of one third of the amount as attorney fees as set forth in his retainer agreement with this office.

(Doc. #59). Accordingly, Mr. Troy proposed offsetting any future settlement agreement by $8,500. (Doc. #59).

Mr. Milch subsequently filed a letter requesting the action be dismissed because of plaintiff's failure to comply with the Court's November 7 Order. (Doc. #60).

## DISCUSSION

Plaintiff's failure to comply with the Court's November 7, 2019, Order merits dismissal of this case with prejudice.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court." <u>Lucas v. Miles</u>, 84 F.3d 532, 534–35 (2d Cir. 1996) (internal quotation omitted). "[D]ismissal is a harsh remedy and is appropriate only in extreme situations." <u>Id</u>. at 535. Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

5

Id. A court may order dismissal with prejudicial "only upon a finding of willfulness, bad faith, or reasonably serious fault." Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (internal quotation and citation omitted).

First, plaintiff has not complied with the November 7, 2019, Order, and there is no indication plaintiff will comply with the Order in the future. To the contrary, Mr. Troy's November 15, 2019, letter indicates plaintiff will not be able provide Troy Law with the $8,500 to hold in escrow pending the outcome of this case.

Second, as previously noted, in the Court's November 7 Order, the Court warned plaintiff in bold and underlined font that if plaintiff failed to provide Troy Law with the $8,500 to be held in escrow, the Court would dismiss this case for failure to comply with a Court Order. (Doc. #57). Plaintiff is therefore on notice that failure to comply would result in dismissal.

Third, defendants would be severely prejudiced by further delay in the proceedings. Defendants believed they were resolving plaintiff's claims against them by paying him $8,500. Instead, plaintiff—who, unlike defendants, was represented by counsel when he accepted the settlement agreement—kept the money and decided to continue this litigation. Thus, defendants must continue litigating a case they already paid to settle. Moreover, as plaintiff allegedly already spent the settlement money, defendants would be disadvantaged in any further settlement negotiations—that $8,500, for all intents and purposes, is gone, and defendants would need to start from ground zero in any settlement negotiation.

Fourth, plaintiff is not losing a fair chance to be heard. Indeed, plaintiff would not be prejudiced at all by dismissing this case. At the September 11 conference, Mr. Troy stated plaintiff was only owed $6,100 in lost wages—significantly less than the $8,500 he received from defendants to settle his claims.

Fifth, the Court has considered sanctions less drastic than dismissal and finds dismissal is the only appropriate remedy.

Finally, the Court finds plaintiff's violation of the Court's November 7 Order to be both willful and in bad faith. Plaintiff seeks to contest the propriety of the settlement agreement after (allegedly) spending the money defendants paid him. Put another way, plaintiff wants to have his cake and eat it too.

The Court is also highly dubious as to plaintiff's contentions that defendants threatened to harm him. Plaintiff's assertions are inconsistent with the fact that he received significantly more money than the wages he claims he was owed. Moreover, plaintiff did not raise the issue of coercion with his counsel or the Court before the November 7 hearing. Finally, plaintiff spent the money when a reasonable person who intended to contest the settlement agreement on grounds of coercion would have retained it.

In addition, although the Court does not find at this time that Mr. Troy and Mr. Schweitzer acted in bad faith, their motives in continuing to oppose the settlement agreement are at least problematic. Mr. Troy and Mr. Schweitzer argue both plaintiff and their office would be "severely harmed" by dismissal of this case because the settlement agreement did not include a payment of their attorneys' fees and costs as allegedly set forth in plaintiff's retainer agreement with their office. (Doc. #59). But that argument goes only to the harm that Troy Law would suffer if the Court dismissed this action, which is an issue that can be addressed separately between Troy Law and its client. Indeed, it is clear plaintiff himself will not suffer any harm from dismissal of this case, because he has already received (and allegedly spent) the $8,500, which is far more than the $6,100 in unpaid wages he was allegedly owed. Thus, the only

7

driving force in this case appears to be Troy Law's desire to get a cut of the settlement proceeds.[2]

## CONCLUSION

Accordingly, this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

The December 10, 2019, hearing on defendants' motion for approval of the settlement agreement is CANCELLED, and the motion is DENIED AS MOOT.

The Clerk is instructed to terminate the motion (Doc. ##50, 51) and close this case.

Dated: December 6, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] Mr. Troy and Mr. Schweitzer's conduct in this case has been questionable in other respects as well. Among other things, counsel: (i) improperly submitted a proposed Clerk's certificate of default against defendant Lin; (ii) filed two versions of their client's affidavit in support of their motion for conditional collective certification in circumstances suggesting plaintiff did not review the affidavit before it was filed (although counsel contends plaintiff did review it); and (iii) failed to inform the Court of the purported settlement agreement before moving for conditional collective certification. Although their conduct does not warrant sanctions in this case, the court notes that they have been sanctioned several times in 2019 alone. See, e.g., Jianshe Guo v. A Canaan Sushi Inc., 2019 WL 1507900, at *4 (S.D.N.Y. Apr. 5, 2019) (sanctioning John Troy, Aaron Schweitzer, and Hui Chen).